# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| William Grecia | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 16-cv-02560 |
| McDonald's Corporation | ) ) | Judge Sharon Johnson Coleman |
| Defendant. | ) ) ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

William Grecia filed a two count complaint, (Dkt. 1), against McDonald's Corporation alleging that McDonald's infringed on claims 9 and 10 of U.S. Patent No. 8,533,860 (the "'860 patent") and claims 12-14 and 24-26 of U.S. Patent No. 8,402,555 (the "'555 patent"). Claim 10 of the '860 patent and claims 13-14 and 24-26 of the '555 patent are dependent on claim 9 of the '860 patent and claim 12 of the '555 patent, respectively. In its motion to dismiss, (Dkt. 17), McDonald's argued that Grecia pleaded himself out of court because the complaint demonstrated that McDonald's actions did not constitute "use" of the claimed inventions under 35 U.S.C. § 271(a). In its August 23, 2016, Memorandum Opinion and Order, the Court held that Grecia did not plausibly allege that McDonald's used the claimed systems because the McDonald's data processing devices – point-of-sale devices – are not part of the claimed systems and dismissed Grecia's complaint with prejudice. (Dkt. 24 at 4). Grecia now moves for reconsideration of the Court's dismissal of the complaint. For the following reasons, Grecia's motion [25] is denied.

**Legal Standard**

Grecia brings his motion to reconsider under Rule 60(b)(6). The Court, however, treats the motion as a Rule 59(e) motion because Grecia asks the Court to correct "manifest errors of law"

and because the motion was brought within 28 days of the Court's order. *See Seong-Tiong Ho v. Taflove*, 648 F.3d 489, 495 n. 5 (7th Cir. 2011). Relief under 59(e) is appropriate "where the movant clearly establishes . . . that the court committed a manifest error of law or fact . . . ." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (internal quotations omitted).

**Discussion**

Grecia explicitly contends that the Court made two manifest errors of law justifying relief. First, he claims that the Court failed to construe well-pleaded facts in his favor when it held that the point-of-sale device was not part of the claimed systems. Second, Grecia argues that the Court abused its discretion by denying him an opportunity to amend his complaint. Neither of these arguments is persuasive.

On a motion to dismiss, the Court has an obligation to construe well-pleaded facts in the light most favorable to the non-moving party. *See, e.g., Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014). It is Grecia's responsibility, however, to bring facts that support his position to the Court's attention. *Anderson-El v. Shade*, 114 F.3d 1191, 1191 (7th Cir. 1997) (citing *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995)).

The Court, based on Grecia's allegations and the specific citations he made to the '860 and '555 patents, which are attached to the complaint as exhibits, determined that Grecia's claimed systems are comprised of a first receipt module, an authentication module, a connection module, a request module, a second receipt module, and a branding module. (Dkt. 24 at 4; Dkt. 1 ¶¶ 10a-f, 11a-f, 12a-f, 13a-f, 17a-f, 18a-f, 19a-f, 20a-f). Nowhere in the complaint, which is laced with direct quotes from and citations to specific portions of the patents, did Grecia allege that point-of-sale devices are part of the claimed systems. Grecia now asserts that it pled that point-of-sale devices are part of the claimed systems because it attached the '860 and '555 patents to the complaint as exhibits. Specifically, he points to patent '860, which provides that claim 9 is a "system . . .

2

comprising connected modules in operation as computing and storage, the computing and storage comprising a server, a database, *devices and users* . . . ." (Dkt. 25 at 2 (citing Dkt. 1-1 at col. 15:45-49) (emphasis in Dkt. 25)). This language was not well pled given that, in his complaint, Grecia detailed the components of claim 9 and provided specific citations to portions of the patents that describe the components, but excluded lines 47-49 of column 15 from his description. (*Compare* Dkt. 1 at ¶¶ 10, 11, 12, 13 ("Claim 9 is a 'system for authorizing access to digital content using a worldwide cloud system infrastructure . . . .'") (citing Dkt. 1-1 col. 15:45-46), *with* Dkt. 25 at 2 ("Claim 9 is a 'system . . . comprising connected modules in operation and computing and storage, the computing and storage comprising a server, a database, *devices and users* . . . .'") (citing Dkt. 1-1 col 15:45-49) (emphasis in Dkt. 25)). Grecia also failed to bring that portion of claim 9 to the Court's attention in his response to the motion to dismiss, despite the fact that the point-of-sale devices were clearly at issue.

The Court construed all of Grecia's well-pleaded facts and the 50 citations he made to the exhibits – citations which did not include Dkt. 1-1 col. 15:47-49 – in his favor and still found that Grecia failed to allege that the point-of-sale device was part of the claimed systems. Grecia, who is represented by counsel, is not entitled to the same liberal construction courts afford pro se litigants. *See Ambrose v. Roeckeman*, 749 F.3d 615, 618 (7th Cir. 2014) (citations omitted) ("We have repeatedly emphasized that pro se petitions are to be construed liberally, and should be held to standards less stringent than formal pleadings drafted by attorneys."); *see also Shashoua v. Quern*, 612 F.2d 282, 285 (7th Cir. 1979). Contrary to Grecia's contention, the Court did not "turn a blind eye" to the exhibits attached to the complaint, (Dkt. 25 at 4); the Court looked to the portions of the exhibits to which it was directed.

Grecia next contends that the Court committed a manifest error of law when it denied him an opportunity to replead. The Court is well within its discretion to dismiss a complaint without an

opportunity to amend where a plaintiff's request to amend his complaint is first raised in a motion to reconsider and where a party fails to offer an amendment that would cure any defects. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 943 (7th Cir. 2012) (citations omitted). The Court also notes that a motion for reconsideration is not the place to rehash arguments that could have previously been raised. *See Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (citations omitted); *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007) (citations omitted); *Casas v. Devane*, No. 15-cv-8112, 2015 WL 9182744, at *1 (N.D. Ill. Apr. 25, 2016). In its motion to dismiss, McDonald's explicitly argued that the Court should dismiss Grecia's complaint "because there is no possibility that Mr. Grecia can amend his complaint to state a claim . . . ." (Dkt. 17 at 6). Grecia did not address this argument or suggest any amendments that would save his complaint in his response. *Indep. Trust*, 665 F.3d at 943. Grecia did not request leave to amend in his response, despite McDonald's' argument for dismissal with prejudice, therefore that argument is not properly before the Court.

In addition to these two alleged errors, Grecia suggests that the Court erred by relying on *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292 (Fed. Cir. 2011) instead of *Centillion Data Sys., LLC v. Quest Commc'ns Int'l, Inc.*, 631 F.3d 1279 (Fed. Cir. 2011). The Court relied on the reasoning in both *Centillion* and *Uniloc* in reaching its decision on the motion to dismiss. In *Centillion*, the Federal Circuit addressed the issue of infringement for "use" of a divided system. 631 F.3d at 1283. In the instant case, the Court found that Grecia's claimed systems were not divided, unlike the one at issue in *Centillion*. The Court then turned to *Uniloc* because it shows "that the test for 'use' is different for divided systems than for inventions controlled by a single party." (Dkt. 24 at 3). This Court properly applied the *Uniloc* test to Grecia's single-user system claims and found that McDonald's did not "use" Grecia's systems. Grecia argues that *Uniloc*, which "teaches how a jury can support a finding that a defendant infringes an apparatus claim," is inapplicable here because Grecia's claim is

4

a system claim; Grecia, however, provides no authority indicating that the Court's reliance on *Uniloc* was a manifest error of law. (Dkt. 25 at 4).

**Conclusion**

For the foregoing reasons, Grecia's motion for reconsideration [25] is denied.

IT IS SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED: January 24, 2017